1
2
3
4                          UNITED STATES DISTRICT COURT
5                        NORTHERN DISTRICT OF CALIFORNIA
6
7   HOWARD SMALHEISER, et al.,              Case No.  3:24-cv-00219-JD
                Plaintiffs,
8
                                            **ORDER RE ARBITRATION AND
9        v.                                 STAY**
10  MERCEDES-BENZ USA LLC,
11              Defendant.

12          In December 2023, plaintiffs Howard and Muriel Smalheiser sued defendant Mercedes-

13  Benz USA LLC (MBUSA) for breach of warranty in violation of California's Song-Berverly

14  Consumer Warranty Act, Cal. Civ. Code §§ 1790 *et seq.*, for a Mercedes-Benz vehicle leased in

15  May 2023.  Dkt. No. 1-1.  Plaintiffs allege that their leased vehicle was delivered with "serious

16  defects . . . including, but not limited to, engine, electrical, and emission system defects."  *Id.* ¶ 10.

17          MBUSA removed the case to this Court on traditional diversity jurisdiction grounds.  Dkt.

18  No. 1.  MBUSA now asks to compel arbitration as a third-party beneficiary of an arbitration

19  clause in the lease between plaintiffs and the vehicle's lessor, Mercedes Benz of Walnut Creek, or,

20  in the alternative under the doctrine of equitable estoppel.[1]  Dkt. No. 11.  The parties' familiarity

21  with the record is assumed, and the case is ordered to arbitration.

22          When plaintiffs leased the Mercedes-Benz vehicle at issue, they signed an agreement with

23  an arbitration clause.  The clause states in pertinent part:

24          Any claim or dispute, whether in contract, tort or otherwise (including any dispute
            over the interpretation, scope, or validity of this lease, arbitration section or the
25          arbitrability of any issue), between you and us or any of our employees, agents,
26

27  _____
    [1] MBUSA filed its reply in support of its motion one week late, with no explanation.  *See* Dkt. No.
28  18.  The reply is disregarded as untimely.  MBUSA has filed a second motion to compel
    arbitration, Dkt. No. 23, on identical grounds, which is terminated by this order.

United States District Court
Northern District of California

successors, assigns, or the vehicle distributor, including Mercedes-Benz USA LLC (each a "Third Party Beneficiary"), which arises out of or relates to a credit application, this lease, or any resulting transaction or relationship arising out of this lease (including any such relationship with third parties who do not sign this contract) shall, at the election of either you, us, or a Third Party Beneficiary, be resolved by a neutral, binding arbitration and not by a court action.

Dkt. No. 11-3 at 4.

"Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Grant v. PAR, Inc.*¸ No. 22-CV-04434-JD, 2023 WL 3167847, at *1 (N.D. Cal. Apr. 27, 2023) (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986)); *see also Abary v. BMW of N. Am., LLC*, No. 19-CV-00087-JD, 2020 WL 5798377 (N.D. Cal. Sept. 29, 2020). However, "a litigant who is not a party to an arbitration agreement may invoke arbitration under the FAA if the relevant state contract law allows the litigant to enforce the agreement." *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1128 (9th Cir. 2013).

California law permits third-party beneficiaries to enforce the provisions of a contract by demonstrating, "in light of the 'relevant circumstances,' . . . that (1) 'the third party would in fact benefit from the contract;' (2) 'a motivating purpose of the contracting parties was to provide a benefit to the third party,' and (3) permitting the third party to enforce the contract 'is consistent with the objectives of the contract and the reasonable expectations of the contracting parties.'" *Ngo v. BMW of North Am., LLC*, 23 F.4th 942 (9th Cir. 2022) (quoting *Goonewardene v. ADP, LLC*, 6 Cal. 5th 817, 830 (2019)). Although it is "not necessary that the beneficiary be named and identified," an agreement expressly naming and requiring arbitration of claims against the beneficiary is sufficient to make "a prima facie showing sufficient to allow them to enforce the arbitration clause as third party beneficiaries." *Ronay Fam. Ltd. P'ship v. Tweed*, 216 Cal. App. 4th 830, 838-39 (2013).

Plaintiffs say that MBUSA is not a third-party beneficiary because it does not clearly benefit from the agreement. The point is not well-taken. MBUSA is named as a beneficiary, which clearly was done "expressly for [its] benefit." *Ronay Fam.*, 216 Cal. App. 4th at 839.

Plaintiffs' suggestion that *Ngo* requires a different outcome is equally misdirected. The

United States District Court
Northern District of California

1   purchase agreement between the purchasers and the dealership in *Ngo* featured an arbitration

2   agreement that did not include BMW on the list of parties able to compel arbitration.  *Ngo*, 23

3   F.4th at 945.  The clause gave only "Ngo, the dealership, and the assignee the power to compel

4   arbitration."  *Id.* at 948.  Here, the arbitration clause names MBUSA as a third-party beneficiary

5   and gives it the power to compel arbitration.  *See* Dkt. No. 11-3 at 4.  Consequently, *Ngo* is

6   inapposite.

7          Plaintiffs make a vague stab at suggesting that warranty dispute is outside the scope of

8   arbitration.  Not so.  The arbitration agreement permits MBUSA to compel arbitration of claims

9   "aris[ing] out of or relat[ing] to . . . this lease, or any resulting transaction or relationship arising

10  out of this lease."  The relationship between MBUSA and plaintiffs arose out of plaintiffs'

11  agreement to lease the vehicle, and consequently, this warranty dispute falls within the arbitration

12  provision.

13         The case is stayed pending arbitration.  The parties are directed to jointly file status reports

14  every 90 days, beginning September 6, 2024.

15         **IT IS SO ORDERED.**

16  Dated:  May 24, 2024

17

18  _____

19  JAMES DONATO
    United States District Judge

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California